UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61730-Civ-Hurley/Hopkins

ALISSA LEVIN, et al.,

       Plaintiffs,

v.

LEVANS, INC., et al.,

       Defendants.
_____/

### REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS (DE 34)

**THIS MATTER** has come before this Court upon an Order Referring Plaintiffs' Motion for Attorney's Fees and Costs to the undersigned United States Magistrate Judge for a Report and Recommendation. (DE 36). Presently before the Court is Plaintiffs' Motion for Attorney's Fees and Costs (DE 34), Defendant Howard A. Levine's response (DE 37),[1] and Plaintiffs' reply (DE 43). The matter is now ripe for this Court's review.

**BACKGROUND**

In October of 2008, Plaintiff Alissa Levin filed the underlying complaint on behalf of herself and other employees alleging that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay them their wages. (DE 1). Shortly thereafter, on November 12, 2008, Defendant Levine filed a petition for bankruptcy in the United States Bankruptcy Court. (DE 10). *See In re*

---

[1] The corporate defendant, Levans Inc., did not file a response to the motion and Plaintiffs seek the entry of a default judgment for attorney's fees and costs against it. (DE 43).

*Howard Levine*, 08-27202-RBR (Bkrtcy. S.D. Fla. 2008). On November 25, 2008, the District Court, noting that the filing of a Chapter 13 bankruptcy petition required an automatic stay of the proceedings before it, ordered that the FLSA case against Defendant Levine be stayed. (DE 12).

Although Plaintiffs' FLSA action in this Court was stayed, the proceedings in Bankruptcy Court continued and Plaintiffs' counsel, Michael Levin, Esq., sought to have his clients' wages and liquidated damages, as well as his attorney's fees, treated as non-dischargeable priority claims based upon Defendant Levine's purportedly fraudulent conduct in failing to pay Plaintiffs' wages. Defendant Levine initially objected to each of these applications, although he later withdrew his objections to Plaintiffs' claims for their wages and liquidated damages, and maintained only his objection to the claimed attorney's fees receiving any priority. Ultimately, the Bankruptcy Court concluded that it could not resolve Levine's bankruptcy petition without a "judgment and determination" of Plaintiffs' counsel's fees by the District Court and it ordered that the stay be lifted. *See* Bankruptcy Court Order dated August 25, 2009. Accordingly, the District Court re-opened the FLSA case against Defendant Levine on September 29, 2009. (DE 25).

Shortly thereafter, the parties negotiated a settlement of Plaintiffs' FLSA claims, and the agreement was approved by the District Court on December 17, 2009. (DE 32). In the settlement agreement, Defendants stipulated that Plaintiffs are entitled to an award of reasonable attorney's fees and costs, and left the amount to be decided by the District Court. (DE 30, ¶ 7).

With the instant motion, Plaintiffs seek reimbursement for: (a) $26,530.00 in attorney's fees; and (b) $550.00 in costs. (DE 34). In his response to the motion, Defendant Levine does not specifically object to the $350.00 hourly rate charged by Plaintiffs' counsel. (DE 37). However, Levine objects to Plaintiffs' attempt to seek reimbursement for fees incurred during the period that

the stay was in effect. Levine also objects to purported "defects" in counsel's billing statements such as block billing, excessive time entries and the inclusion of clerical work.

## DISCUSSION

### I. Plaintiffs' Motion

As to Plaintiff's entitlement to attorney's fees, it is well settled that a court's "approval of a settlement . . . is a judicially sanctioned change in the legal relationship of the parties." *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1167 (S.D. Fla. 2003)(*citing American Disability Assoc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002)). Thus, where a court approves a settlement under the FLSA and "specifically reserved the right to award attorney's fees, [the] [p]laintiff is the prevailing party" and "the entitlement to attorney's fees is triggered." *Goss*, 248 F. Supp. 2d at 1167. Here, the parties' court-approved settlement agreement specifically states that Defendants would pay Plaintiffs for their costs and reasonable attorneys' fees in an amount to be determined by the Court. (DE 30 at ¶ 7). Therefore, Plaintiffs' entitlement to such fees cannot be disputed.

However, Defendant Levine now seeks to avoid paying a significant portion of Plaintiffs' counsel's fee, claiming that Plaintiffs are not entitled to reimbursement for time their attorney spent protecting their FLSA claims in Bankruptcy Court because there was a stay order in effect. This Court disagrees and finds that Plaintiffs are entitled to reimbursement of their attorney's fees for such time.

Notably, it is not for this Court to decide whether or how the Bankruptcy Code applies to the fees sought by Plaintiffs' counsel. Rather, that issue will be resolved by the Bankruptcy Court. *See*

*In re Community Lending, Inc.,* 2010 WL 596445 (Bankr. N.D. Cal. Feb. 16, 2010)(after finding defendant violated ERISA, district court granted plaintiffs' request for attorney's fees, but declined to determine how bankruptcy court should classify or prioritize the award). Accordingly, this Report and Recommendation will be limited to a determination as to the reasonable amount of fees that Plaintiffs are entitled to recover as prevailing parties under the FLSA and in accordance with the agreement entered into by the parties.

As a threshold matter, the Court rejects Defendant Levine's position that Plaintiffs' counsel's efforts to protect the priority of his clients' claims between November of 2008 and August of 2009 violated the District Court's order staying the proceedings in this case. In accordance with the stay, Plaintiffs' counsel did not pursue his clients' FLSA claims against Defendant Levine in this Court during that time. However, this Court finds that counsel's work to protect his clients' claims during the pendency of Defendant Levine's bankruptcy petition warrants reimbursement. Moreover, the work performed by Plaintiffs' counsel during the bankruptcy proceeding was necessitated by Defendant Levine, who repeatedly attempted to thwart Plaintiffs' efforts to have their claims treated as non-dischargeable priority claims. Because the Court finds that the legal work performed by Plaintiffs' counsel in the bankruptcy action was critical to achieving Defendant Levine's acknowledgment of liability and ultimately a settlement in this case, the Court finds that such fees should be included in the judgment. *See Barrett v. Fields*, 1996 WL 571385, *2 (D. Kan. Aug. 8, 1996)(where plaintiff was the prevailing party in his civil rights lawsuit, court found he was entitled to attorney's fees incurred during defendants' intervening bankruptcy action; "attorneys fees incurred in the bankruptcy case through the time the stay was lifted were reasonably necessary to plaintiff's efforts to have a judgment entered"). *Cf. Felker v. Southwestern Emergency Medical Service, Inc.,*

584 F. Supp. 2d 1120, 1121-22 (S.D. Ind. Oct. 20, 2008)(where plaintiffs obtained judgment on their FLSA claims, court found they were not entitled to attorneys' fees for legal work performed in defendant's subsequent bankruptcy action; court found that such work was not a prerequisite for determining FLSA liability and, thus, any recovery of those fees should be addressed in the post-judgment collection process).

**2. Calculation of the Attorney's Fee Award**

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*citing Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained. *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427.

As to the type of evidence that the fee claimant should produce in support of a fee claim, in *Barnes*, the Eleventh Circuit stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the

    activity or stage of the case." *Id*. (*citations omitted*).

168 F.3d at 427.

  In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301 (*emphasis in original*)).

**A.  Counsel's Hourly Rate**

  In seeking reimbursement for their attorney's fees, Plaintiffs rely on the billing records of their attorney, Michael A. Levin, Esq., who charges $350.00 an hour. (DE 34, Ex. A). In support of this rate, Plaintiffs submit an expert affidavit of Gordon C. Watt, Esq., a civil litigator in this District since 1989. *See* Watt Aff. at ¶ 1-2 (DE 34). Watt, who has litigated employment actions including FLSA matters, has known Levin since 2001 and is familiar with Levin's "well-deserved reputation in the local legal community as an experienced and well-prepared litigator." *Id.* at ¶ 2-3. According to Watt, the hourly rate charged by Levin is a "reasonable prevailing market rate in the local legal community" for services of this nature. *Id.* at ¶ 9.

  As is noted above, Defendant Levine does not object to the hourly rate charged by Levin in this case. However, because courts have the duty to avoid awarding excessive fees and expenses, this Court will briefly discuss counsel's qualifications to determine the reasonableness of the claimed hourly rate. *See Barnes*, 168 F.3d at 428.

According to Plaintiffs' Motion, Levin was admitted to the Florida Bar in 1981. (DE 34 at ¶ 20). Levin has been in private practice for 25 years and has "extensive experience in both civil and criminal litigation at both the trial and appellate levels" in federal and state court. *Id.* Levin has previously represented plaintiffs and defendants in FLSA lawsuits and has obtained "favorable results" for his clients. *Id.*

Based on the qualifications and lengthy litigation experience of counsel, and noting that Defendant does not object to the claimed hourly rate, this Court finds that Levin's hourly rate of $350.00 is reasonable. *See Parness v. Piazza Benvenuto Ristorante, Pizzeria and Market, Inc.*, 2009 WL 1117362, *2 (S.D. Fla. April 24, 2009)(court awarded hourly rate of $350.00 to attorney in FLSA action); *see also Perez v. Sanford-Orlando Kennel Club, Inc.,* 2009 WL 2500290 (M.D. Fla. Aug. 14, 2009)(FLSA attorney with sixteen years experience awarded hourly rate of $300.00); *Godoy v. New River Pizza, Inc.,* 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008)(FLSA attorney with fourteen years experience awarded hourly rate of $300.00).

### B.  Number of Hours Reasonably Expended

According to the motion, Levin billed a total of 75.8 hours in this matter. (DE 34, Ex. A). In the expert affidavit relied upon by Plaintiffs, Attorney Watt states that the hours spent in this litigation were "reasonable and necessary." *See* Watt Aff. at ¶ 5.

The Court has reviewed Levin's billing records and finds that his hours are, for the most part, reasonable especially in light of the fact that he represented ten named Plaintiffs. To the extent Defendant Levine contends that Attorney Levin's billing entries are vague, inconsistent and excessive, this Court disagrees and finds that most of the time spent by Attorney Levin was directly related to Defendant Levine's tactical decisions in litigating the case. *See Powell v. Carey Intern.,*

*Inc.*, 547 F.Supp.2d 1281, 1297 (S.D. Fla. 2008)(court found "defendants' conduct in vigorously defending this case did contribute to the price tag on the attorneys' fees award").

However, the Court will deduct 3.4 hours from Levin's time because certain activities listed on his time sheet for March 18, 2009 and March 25, 2009 are of a clerical nature. *See Inman v. Apfel*, 2000 WL 1221858, *2 (M.D. Fla. Jul.14, 2000) ("tasks of a clerical nature are not compensable as attorney's fees").

### 3.  Litigation Expenses and Costs

In addition to attorney's fees, the parties' settlement agreement also provides that Defendants will reimburse Plaintiffs for their costs. It is well settled that courts may only tax costs as authorized by statute. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)(*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). This section provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Here, Plaintiff seeks to recover $550.00 in costs, which includes the filing fees for the

District Court and Bankruptcy Court actions and $50.00 for service of process on the Defendants. (DE 34, Ex. A). Since both categories of costs are allowable under § 1920, and Defendant Levine has not objected to them, the Court will **RECOMMEND** that they be awarded. *See Davis v. Sailormen, Inc.*, 2007 WL 1752465, *2-3 (M.D. Fla. June 15, 2007) (party is entitled to fees that would have been incurred had the United States Marshal's Office effected the service); *see also Wish v. MSC Crociere S.A.*, 2009 WL 347793, *1 (S.D. Fla. Feb. 11, 2009)(based on 28 C.F.R. § 0.114, court determined that U.S. Marshal charges $55.00 per hour for personal service).

**4.  Joint and Several Liability**

In his response to the motion, Defendant Levine contends that "[f]airness demands a pro-rata distribution of allowable attorney's fees" among all of the Defendants so that he is not "solely burdened." (DE 37 at page 11). This Court disagrees.

First, despite Defendant Levine's claim that Plaintiffs "struck an agreement" with his partner, Defendant Jeffrey Evans (DE 37 at page 11), no such agreement was presented to or approved by this Court. Rather, the record indicates that Plaintiffs voluntarily dismissed their claims against Defendant Evans with prejudice. Indeed, the District Court's Order specifically states that Plaintiffs and Defendant Evans will each bear their own attorney's fees and costs. (DE 33, 35). Thus, there is no basis for this Court to apportion the attorney's fees award between Defendant Levine and a former Defendant who was not a party to the underlying settlement agreement and, in fact, was dismissed from the lawsuit.

The Court will impose joint and several liability on the remaining Defendants to the lawsuit: Levans, Inc. and Levine. Under the terms of the settlement agreement, both Defendants agreed to pay Plaintiffs' attorney's fees and costs as determined by the Court. Additionally, under the FLSA,

employers are jointly and severally liable. *See Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)("[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA"); *Fields v. Luther*, 1988 WL 121791, *4, n.10 (D. Md. July 12, 1988)(where damages under the FLSA were awarded against defendants jointly and severally, "it is appropriate that the award of attorney's fees also be joint and several"). Finally, by failing to respond to the instant motion, Defendant Levans, Inc. is precluded from objecting to the amount of attorney's fees sought by Plaintiffs. *See* S.D. Fla. L.R. 7.1.C (April 2009) (failure to file an opposing memorandum of law is sufficient cause for granting a motion by default). Accordingly, this Court **RECOMMENDS** that the District Court find Defendant Levine and Defendant Levans, Inc. jointly and severally liable for Plaintiffs' attorney's fees and costs as follows:

## CALCULATION OF TOTAL AWARD

1. Total Attorney's Fees (72.4 hours at $350.00): $ 25,340.00:
2. Total Litigation Expenses and Costs: $ 550.00

## CONCLUSION

In light of the foregoing, this Court **RECOMMENDS** that the District Court **GRANT IN PART** Plaintiffs' Motion for Attorney's Fees and Costs, and award Plaintiff s their attorney's fees and costs in the amount of $25,890.00. (DE 34).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* Statutory Time-Periods Technical Amendments Act of 2009, H.R. 1626, sec. 6, amending 28 U.S.C. § 636(b)(1) to provide that " . . . within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). *See also* Fed. R. Civ. P. 72(b) (2009) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy.") Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers this 15 day of March, 2010, at West Palm Beach in the Southern District of Florida.

*/s/ James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:  Counsel of Record